UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WEB MARKETING SERVICES, L.L.C., | * | CIVIL ACTION NO. : 09-2449 |
| | * | |
| Plaintiff, | * | |
| | * | SECTION  "S"(3) |
| VERSUS | * | |
| | * | JUDGE: |
| SHURFINE FOODS, INC., | * | MARY ANN VIAL LEMMON |
| | * | |
| | * | MAGISTRATE: |
| | * | DANIEL E. KNOWLES III |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO BIFURCATE

Plaintiff's Motion to Bifurcate asks the Court to bifurcate Plaintiff's declaratory judgment claim from Shurfine's counterclaims.  Because a compulsory counterclaim necessarily arises from the same operative facts as the original claim, bifurcation here cannot further the purposes of Rule 42.  Instead, bifurcation would result in delay, inconvenience to parties and witnesses, and increased cost.  Other courts in the Fifth Circuit facing similar facts have rejected bifurcation as prejudicial and inappropriate.  Accordingly, the Court should deny Plaintiff's Motion to Bifurcate.

## STATEMENT OF FACTS

In variations on a common theme, Plaintiff spends half its brief on matters having no relevance to the dispute or the Motion to Bifurcate.  *See* Motion, pp. 2-5.  Shurfine has already refuted the spurious allegations of an ethical violation both to Plaintiff and in briefing to the Court.  (*See* Brooks Decl., ¶ 2; Reply Brief In Support Of Defendant's Motion To Dismiss Complaint, pp. 4-6).  Additionally, the supposed threats made by Shurfine relate directly to the causes alleged and the potential for harm to Shurfine and are clearly not brought "solely to obtain an advantage in a civil matter."  La. R. Prof. Cond. 8.4.

In addition to the troubling facts Shurfine discovered about Plaintiff's website in its pre-filing investigation (*see* Brief In Support Of Defendant's Motion To Dismiss Complaint, pp. 2-4), Shurfine's post-filing investigation has established that Shurfine's concerns about Plaintiff's enterprise were well-founded.  Documents received from the Louisiana Board of Pharmacy (the "Pharmacy Board") pursuant to an Open Records request detail the long and sordid disciplinary history of the individuals behind Plaintiff's business.  (Brooks Decl., ¶ 3.)  As an example, one violation was met with disciplinary action in 2007 for issuing and filling prescriptions based on electronic questionnaires in violation of Louisiana law.  *Id.*, Exh. B.  Yet, Plaintiff is currently engaging in the same activity at www.surepharmacy.com.  *Id.* at ¶ 4.  Moreover, the pharmacy license of Plaintiff's Officer and Registered Agent, Carlton Charles, is currently revoked and it is not clear how Plaintiff can legally dispense any medications in Louisiana, through its website or otherwise.  *Id.* at ¶ 5.  In sum, Shurfine's concerns regarding dilution of its trademark appear to be well-taken and Plaintiff's assertions of ethical violations in investigating the conduct are simply efforts to distract the Court from what is really going on at www.surepharmacy.com.

## DISCUSSION

Plaintiff brought the present suit seeking a declaratory judgment of non-infringement, alleging that Defendant threatened it with a trademark infringement action.  Not surprisingly, Shurfine brought its compulsory counterclaims for trademark infringement, unfair competition, trademark dilution, and various related state law claims.  Now, inexplicably, Plaintiff moves the Court to bifurcate Shurfine's compulsory counterclaims from Plaintiff's claim, despite that the claims arise from the same core of operative facts.  Far from complying with the standards and purposes of Rule 42, bifurcation here would cause unnecessary inconvenience, delay, and prejudice.  Plaintiff's motion is driven by a desire to obtain a ruling on its declaratory judgment claim while preventing Defendant from pursuing its earlier claims, which are the basis underlying the declaratory judgment action.  Consequently, the Court should deny Plaintiff's Motion to Bifurcate.

A.   **Bifurcation Standards**

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b).  "A motion to bifurcate is a matter within the sole discretion of the trial court." *First Texas Sav. Assoc. v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n. 2 (5th Cir.1992).  However, to support bifurcation, "the issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice."  *Swofford v. B. & W., Inc.*, 336 F.2d 406, 415 (5th Cir. 1964) (cert. denied, 379 U.S. 962, (1965)).  "[E]ven if bifurcation might somehow promote judicial economy, courts should not order separate trials when bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice." *Laitram Corp. v. Hewlett-Packard Co.*, 791 F.Supp. 113, 115 (E.D.La. 1992).

"Prejudice is the Court's most important consideration in deciding whether to order separate trials under Rule 42(b)." *Laitram*, 791 F.Supp. at 115. "An unreasonable delay in a case's resolution amounts to prejudice to the one opposing separation." *Id*. at 116; *see also Williams v. Treasure Chest Casino*, 1998 WL 42586, 10 (E.D.La. 1998) (finding the delay in having two trials "clearly outweighs any prejudice that would result from unnecessary discovery.")

B.     **Bifurcation Will Cause Delay, Expense, and Inconvenience**

"A pleading must state as a [compulsory] counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). An infringement claim is a compulsory counterclaim to a declaratory judgment claim of non-infringement. *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1346 (Fed. Cir. 2008); *see also Schinzing v. Mid-States Stainless, Inc.*, 415 F.3d 807, 813 (8th Cir. 2005). To the extent a trademark dilution counterclaim "arises out of the same transaction or occurrence" as the declaratory judgment claim, as it does here, the dilution counterclaim is also compulsory. *See* Fed. R. Civ. P. 13(a)

Because an infringement claim is a compulsory counterclaim to a declaratory judgment action, the infringement claim necessarily arises out of the same transaction or occurrence as the declaratory judgment claim. *See, e.g.*, *Polymer Indus. Products Co. v. Bridgestone/Firestone, Inc.*, 211 F.R.D. 312, 317 (N.D.Ohio 2002). Accordingly, proof of the infringement claim necessarily entails the same witnesses, documents, and facts as the declaratory judgment claim. As such, bifurcating an infringement counterclaim from the underlying declaratory judgment claim could not further the purposes of Rule 42. *See, e.g., Performance Aftermarket Parts*

*Group, Ltd. v. TI Group Automotive Systems, Inc.*, 2006 WL 2850061, 1-2 (S.D.Tex. 2006) (refusing to bifurcate claims from counterclaims because "it would be an inconvenience as well as a waste of lawyers' and witnesses' time and other resources to require the same witnesses to be deposed more than once"); s*ee also Williams*, 1998 WL at 10 (finding that bifurcation was not warranted in declaratory judgment action despite that the disposition of the claim was dependent on the outcome of another claim); *Swofford*, 336 F.2d at 415 (holding to support bifurcation "the issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice").

The *Performance* and *Williams* cases are particularly applicable here.  In *Performance*, the plaintiff brought an action for declaratory judgment of patent infringement and various related claims.  *Performance*, 2006 WL at 1.  Following denial of the defendant's motion to dismiss the related claims, the defendant moved to bifurcate those claims from the patent infringement claims.[1]  *Id*.  The court noted that bifurcation is typically used to separate "liability and damages phases of a trial, or to bifurcate the punitive damages phase," but the defendant was attempting to "bifurcate and stay discovery of Plaintiffs' claims until its own counterclaims are resolved."  *Id*.  Despite that the defendant argued that bifurcation and resolution of the patent claims would resolve the remaining claims without the need for additional discovery, the court held that bifurcation would not further convenience or avoid prejudice and instead would cause prejudice to the non-moving party and result in duplicative depositions and discovery.  *Id*. at 2.  Accordingly, the court denied the motion to bifurcate.

In *Williams*, the moving party argued that bifurcation was appropriate because resolution of one claim would render moot the bifurcated claims.  *Williams*, 1998 WL at 9.  While, the

---

[1] The defendant in *Performance*, apparently recognizing that the declaratory judgment claim was inextricably linked to the infringement claim, did not try to bifurcate these claims, as Plaintiff here attempts.  Instead, the defendant moved to separate the patent claims from antitrust and trade disparagement claims.  *Performance*, 2006 WL at 1.

court agreed with the possibility of this outcome, it held that "if [the moving party's] declaratory judgment action is unsuccessful, the Court will have to endure two separate, and potentially repetitive discovery processes and trials." *Id.* at 10.  The court also noted that in a bench trial there was no danger of the fact-finder being confused by multiple issues being tried at the same time.  *Id.*  Finally, the court noted that bifurcating and staying discovery would "severely restrict the parties' ability to settle their dispute."  *Id.*  Accordingly, the *Williams* Court denied the motion to bifurcate.

The present case is similar to both *Performance* and *Williams*.  Like *Performance*, Plaintiff attempts to bifurcate its claims from Shurfine's counterclaims so that it can have a resolution of its claim, while denying Shurfine a prompt resolution of the counterclaims. Additionally, Plaintiff asserts that resolution of its claim will avoid the necessity of a second trial.  (Plaintiff's Memorandum in Support of Motion to Bifurcate, p. 7.)  However, as in *Williams*, if Plaintiff is unsuccessful, the Court will have to engage in "two separate, and potentially repetitive discovery processes and trials."  *See Williams*, 1998 WL at 10.  The situation is even more compelling here, because no matter what the resolution on Plaintiff's claim, Shurfine's trademark dilution and state law claims will require a second trial because they do not depend on whether Plaintiff is found to be infringing.  *See, e.g., Malletier v. Dooney & Bourke, Inc.*, 561 F.Supp.2d 368, 379 (S.D.N.Y. 2008) (discussing the difference in elements and proof between trademark infringement and dilution claims).

Here, Plaintiff attempts to bifurcate a declaratory judgment claim from the corresponding, and compulsory, infringement counterclaim.  Such a bifurcation can only result in duplicative efforts by the parties and the Court.  Courts in the Fifth Circuit faced with factually

similar cases have denied the requested bifurcation.   Consequently, the Court should deny Plaintiff's Motion to Bifurcate.

C.      **Plaintiff's Claim and Shurfine's Counterclaims Rely on the Same Evidence**

Plaintiff brought a claim for declaratory judgment of non-infringement alleging Defendant threatened Plaintiff with a suit for trademark infringement.  *See* Complaint ¶ 6. Accordingly, Plaintiff should have anticipated that counterclaims would be brought.  Having been unsuccessful in its attempt to dismiss the action in view of the co-pending Trademark Trial and Appeal Board action, as well as Defendant's assertion that it did not even know who owned the website, Shurfine brought its compulsory counterclaim for trademark infringement and other related counterclaims.   Shurfine's counterclaim was compulsory because it necessarily arose from the same transaction or occurrence as Plaintiff's declaratory judgment claim.  *See* Fed. R. Civ. P. 13(a).

To prevail on its trademark infringement claim, Shurfine will have to demonstrate rights in one or more of its family of marks and likelihood of confusion between Plaintiff's and Shurfine's marks.  *See Paulsson Geophysical Servs., Inc. v. Sigmar,* 529 F.3d 303, 309 (5th Cir. 2008).  To prevail on its declaratory judgment claim, Plaintiff must show either that Shurfine has no rights to its family of marks[2] or that there is no likelihood of confusion between Plaintiff's and Shurfine's marks.  *See, e.g., Designer Skin, LLC v. S & L Vitamins, Inc.*, 560 F.Supp.2d 811, 820 (D.Ariz. 2008) (declaratory judgment granted when elements of trademark infringement not established).  As would be expected by the facts giving rise to this dispute, the elements of the parties' competing claims are mirror images of one other.

---

[2] Plaintiff is unlikely to prevail on this ground, as Defendant's use of the SHURFINE mark dates to at least as early as the 1930s and Defendant has numerous federal registrations for its family of marks.

Further, Shurfine's unfair competition claim will rely on essentially the same evidence as its trademark infringement claim. *See RE/MAX Intern., Inc. v. Trendsetter Realty, LLC*, 2009 WL 2900736, 23 (S.D.Tex. 2009) (finding the same legal standard applicable to both federal trademark infringement claims and unfair competition claims). Moreover, much of the same evidence will be used to establish Shurfine's trademark dilution claim and other counterclaims. *See, e.g., Board of Regents, Univ. of Texas System ex rel. Univ. of Texas at Austin v. KST Elec., Ltd.*, 550 F.Supp.2d 657, 673 (W.D.Tex. 2008) (federal trademark dilution claim requires evidence of ownership of a mark and a similarity with the accused mark); *Advantage Rent-A-Car, Inc. v. Enterprise Rent-A-Car, Co.*, 238 F.3d 378, 381 (5th Cir. 2001) (Louisiana anti-dilution claim requires evidence establishing ownership of a mark). Accordingly, the sources of proof to establish these claims overlap with the evidence to establish the infringement claims, and correspondingly, the evidence to establish Plaintiff's declaratory judgment claim.

If the claims are bifurcated, as Plaintiff requests, following a decision on the declaratory judgment claim the parties will have to start over again generating the same proof on the remaining claims. This discovery will likely include deposing the same witnesses, issuing the same discovery requests, and requesting the same rulings on preliminary matters. *See Williams*, 1998 WL at 10. Additionally, bifurcating discovery on claims that overlap to this degree will undoubtedly result in multiple discovery disputes over what constitutes the permissible scope of discovery.

Because Plaintiff's claim and Shurfine's counterclaims rely on the same core of operative facts, bifurcating the claims will only result in unnecessary delay in the resolution of Shurfine's counterclaims, double the expense for the parties, and cause added inconvenience to witnesses, third parties, and the Court. Such an approach directly contradicts prevailing Fifth Circuit

precedent on the issue of bifurcation.  *See Swofford*, 336 F.2d at 415.  Consequently, bifurcating these claims does not further the purposes of Rule 42 and the Court should deny Plaintiff's Motion to Bifurcate.

D.   **A Decision on Plaintiff's Declaratory Judgment Claim Will Not Resolve the Case as Plaintiff Asserts**

Plaintiff claims "[i]f infringement/liability issues are resolved in favor of Petitioner, a trial on damages will not be necessary. On the other hand, a resolution in favor of ShurFine will facilitate settlement without an expensive and time-consuming trial on damages."  (Plaintiff's Memorandum in Support of Motion to Bifurcate, p. 8.)  In so stating, Plaintiff represents that if it prevails on its declaratory judgment of non-infringement claim, Shurfine's counterclaims for unfair competition, trademark dilution, and unfair trade practices will somehow go away. Plaintiff is incorrect.  A ruling in Plaintiff's favor on its declaratory judgment claim will have no bearing on Shurfine's counterclaims.  *See, e.g.*, *American Century Proprietary Holdings, Inc. v. American Century Cas. Co.*, 295 Fed.Appx. 630, 641, 2008 WL 4472882, 10 (5th Cir. 2008) (affirming summary judgment granting state trademark dilution claim while also affirming summary judgment of non-infringement); *see also Amicus Communications, L.P. v. Hewlett-Packard Co.*, Inc., 2000 WL 33348186, 20 (W.D.Tex. 2000) (granting summary judgment on dilution claim "without prejudice to [the plaintiff's] infringement claims").  Thus, contrary to Plaintiff's position, a resolution on the declaratory judgment claim will not remove the necessity of a trial.

Plaintiff also asserts that if it loses its declaratory judgment claim, settlement is likely, citing *Smith v. Alyeska Pipeline Service Co.*, 538 F.Supp. 977, 19 (D.Del. 1982).  (Plaintiff's Memorandum in Support of Motion to Bifurcate, pp. 7-8.)  Although Shurfine has made several attempts to resolve this case before and after the Complaint was filed, these efforts have not been

successful.  (Brooks Decl., ¶ 6.)   Thus, the likelihood of a settlement after a trial on the declaratory judgment claim is questionable, especially in view of the availability of attorney's fees and damages in connection with Shurfine's counterclaims.  *See Philip Morris USA Inc. v. Lee*, 547 F.Supp.2d 685, 697 (W.D.Tex. 2008).

Further, the facts in *Alyeska* are much different than the facts in the present case.  *Alyeska* was a patent infringement case where the court found that the liability and damages issues were complex and likely to confuse a jury.  *Alyeska*, 538 F.Supp. at 984.  The court noted that, if liability is established, the parties might seek settlement rather than engaging in another full trial on damages.  *Id*.  However, Plaintiff's motion does not actually request bifurcation of discovery and liability.  Rather, Plaintiff wants a first trial on one issue, its declaratory judgment claim, and then another trial on liability and damages for Shurfine's counterclaims.  Because Plaintiff asks for more than one trial on liability, the purported settlement benefit discussed in *Alyeska* does not apply to Plaintiff's motion.  Moreover, *Alyeska* does not support the idea that claims and counterclaims should be bifurcated to encourage settlement, as Plaintiff suggests.[3]

Plaintiff's Motion also repeatedly asserts that Plaintiff's declaratory judgment claim will be resolved at summary judgment.   However, trademark infringement claims (and the corresponding likelihood of confusion analysis) are fact-intensive.  *Board of Regents*, 550 F.Supp.2d at 670.  To date, Plaintiff has not propounded a single discovery request.[4]  (Brooks

---

[3] Plaintiff also cites *Swofford* as holding bifurcation encourages settlement.  (Plaintiff's Memorandum in Support of Motion to Bifurcate, p. 8.)  However, *Swofford* actually held that bifurcation would permit a party to obtain a final ruling on liability before more complex, unrelated issues were litigated, not that bifurcation would result in settlement or appeal, as Plaintiff represents.  *See Swofford v. B & W, Inc.*, 34 F.R.D. 15, 19-20 (S.D.Tex. 1963).  Thus, similar to *Alyeska*, *Swofford* does not support that bifurcation would lead to settlement or that bifurcation is appropriate here.

[4] In fact, this motion comes on the eve of the deadline for Plaintiff to respond to Defendant's discovery requests and immediately follows Defendant's identification of witnesses for deposition. (Brooks Decl., ¶ 8.)   If Plaintiff believed bifurcation was appropriate, Plaintiff should have brought this motion when the counterclaims were brought, rather than when discovery responses were due.

Decl., ¶ 7.)  Consequently, it is unclear how Plaintiff believes it will be able to make a plausible argument for summary judgment, much less prevail on such a motion.  Therefore, Plaintiff's assertions that it will prevail at summary judgment are simply wishful thinking.

Despite assertions to the contrary, Plaintiff has not established that bifurcation will lead to a speedy resolution of the case or encourage settlement.  To the contrary, bifurcation will needlessly extend a resolution of the case and diminish the likelihood of settlement, as noted by the court in *Williams*.  *See Williams*, 1998 WL at 10.  Accordingly, Plaintiff's Motion to Bifurcate should be denied.

E.      **Plaintiff Misstates the Relief it Seeks by Casting Its Motion as Bifurcating Liability from Damages**

After requesting bifurcation of its claims from those of Defendant, Plaintiff asserts "[t]his case is a perfect candidate for bifurcation of damages and liability issues."  (Plaintiff's Memorandum in Support of Motion to Bifurcate, p. 8.)  However, Plaintiff does not ask the court to bifurcate liability and damages, Plaintiff asks for bifurcation of the parties' respective claims. *Id*. at 9-10.

While bifurcation of liability and damages is sometimes warranted in complex cases tried to a jury, bifurcation of claims and counterclaims is prejudicial and unwarranted.  *Williams*, 1998 WL at 10; *see also Alyeska*, 538 F.Supp. at 982-984 (bifurcation appropriate in patent case due to possibility of jury confusion).  Because this is a simple trademark dispute, bifurcation of liability and damages is not warranted here.[5]  Plaintiff's motion is directed solely at separating Plaintiff from any liability claims.  That Shurfine's counterclaims present the danger of damages being awarded against Plaintiff does not change the nature of Plaintiff's motion or the relief

---

[5] Plaintiff cites *Alyeska* to support its assertion that bifurcation is appropriate, but in *Alyeska*, the court bifurcated complex liability and damages issues in a patent case, not claims from counterclaims in a trademark case, as Plaintiff is attempting here.  *See Alyeska*, 538 F.Supp. at 982-984.

Plaintiff seeks.  If Plaintiff did not want to face liability for its infringement and dilution of Shurfine's marks, Plaintiff should have changed the name of its website, not rushed to the courthouse to file this suit.  As in *Williams*, the bifurcation Plaintiff seeks prejudices Shurfine and should be denied on that basis.

## <u>CONCLUSION</u>

Federal Rule 42 allows for bifurcation for convenience, to avoid prejudice, or to expedite and economize the proceeding.  Plaintiff has not shown that any of these factors apply.  Instead, bifurcating Shurfine's counterclaims from Plaintiff's claim will result in unnecessary delay, duplicative discovery, increased costs, and two trials on the same operative facts.  Accordingly, Plaintiff's Motion to Bifurcate should be denied.

*/s/ Hillary A. Brooks*
Hillary A. Brooks, (admitted *Pro Hac Vice*)
MARGER JOHNSON & McCOLLOM, P.C.
210 SW Morrison Street, Ste. 400
Portland, Oregon 97204
Telephone: (503) 222-3613


Stephen G. Bullock, 3648
Matthew S. Almon, 31013
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200

Attorneys for Defendant, Shurfine Foods, Inc.

## <u>CERTIFICATE</u>

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic service through the Court's CM/ECF system and/or by placing same in the United States mail, postage prepaid and properly addressed, this 24th day of November, 2009.

_/s/ Hillary A. Brooks_
