UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WEB MARKETING SERVICES, LLC                    CIVIL ACTION

VERSUS                                         NO: 09-2449

SHURFINE FOODS, INC.                           SECTION: "S" (3)

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Web Marketing Services, LLC's Motion to Bifurcate and/or Separate the Petition for Declaratory Judgment on the Issue of Trademark Infringement with Defendant's Various Counterclaims for Damages (Doc. #19) is **DENIED**.

On February 6, 2009, Web Marketing Services, LLC ("Web Marketing") filed this declaratory judgment action seeking a ruling as to whether it infringed upon a family of trademarks owned by Shurfine Foods, Inc. ("Shurfine") by operating the online pharmacy website www.surepharmacy.com. (Doc. #1). In response to Web Marketing's petition, Shurfine filed numerous counterclaims including claims for federal trademark infringement, unfair competition, federal trademark dilution, dilution under Louisiana law, and Louisiana unfair trade practices and consumer protection. (Doc. #11).

Web Marketing filed this motion to bifurcate and/or separate its petition for declaratory judgement from Shurfine's counter claims arguing that bifurcating its petition for declaratory

judgment from Shurfine's counterclaims will serve judicial economy without prejudicing either party because resolution of its petition for declaratory judgment may aid in the resolution of Shurfine's counter claims. (Doc. #19). Specifically, Web Marketing contends that it is only asking for a determination of whether it is liable for infringement. <u>Id.</u> Web Marketing assert that, if it is not liable, then there will be no need to adjudicate Shurfine's counterclaims, and conversely, if it is liable, it will be more willing to settle Shurfine's counterclaims. <u>Id.</u> Further, Web Marketing argues that bifurcation may eliminate the need for discovery on damages. <u>Id.</u>

Shurfine argues that bifurcation will not serve judicial economy and would result in delay and inconvenience to the parties and witnesses and increase costs. (Doc. #20). Shurfine argues that its counterclaims are compulsory, because they arise out of the same transaction or occurrence as Web Marketing's declaratory judgment action and that proof of the infringement claim entails the same witnesses, documents, and facts as the adjudication of the declaratory judgment claim. <u>Id.</u> Further, Shurfine argues that its unfair competition and dilution claims will rely on the same evidence as the infringement issue. <u>Id.</u> Shurfine contends that bifurcation will cause the parties to have to start over again to generate the same proof for the remaining claims once the declaratory judgment action is resolved. <u>Id.</u> Also, Shurfine argues that resolution of the declaratory judgment claim will not aid in the ultimate resolution of the case because even if Web Marketing prevails, Shurfine's claims for unfair competition, trademark dilution, and unfair trade practices will still be viable and all settlement attempts, thus far, have been fruitless. <u>Id.</u> Finally, Shurfine asserts that this case is not a bifurcation of damages and liability, but rather an attempt by Web Marketing to avoid Shurfine's counterclaims. <u>Id.</u>

Federal Rule of Civil Procedure 42(b) provides in pertinent part that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Bifurcation is a matter within the sole discretion of the trial court. First Texas Sav. Ass'n v. Reliance Ins. Co., 950 F.2d 1171, 1174, n. 2 (5th Cir. 1992) (citing Gonzalez-Marin v. Equitable Life Assur. Soc., 845 F.2d 1140, 1145 (1st Cir. 1988)). However, "[s]eparation of issues ... is not the usual course that should be followed." McDaniel v. Anheuser-Busch, Inc., 987 F.2d 298, 304 (5th Cir. 1993). After consideration of the arguments of the parties, the court concludes that bifurcation of Web Service's declaratory judgment action from Shurfine's counterclaims would not expedite the process or save cost to the parties and that bifurcation might delay this case, especially because discovery on the issues is so intertwined.

Web Marketing's Motion to Bifurcate and/or Separate the Petition for Declaratory Judgment on the Issue of Trademark Infringement with Defendant's Various Counterclaims for Damages (Doc. #19) is **DENIED**.

New Orleans, Louisiana, this  21st  day of December, 2009.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

3